David C. Beavans, Esq. (SBN #259424)
The Law Offices of David C. Beavans, APC
4542 Ruffner Street
Suite 150
San Diego, California 92111
(619) 234-7848
(619) 234-7849 fax

Christopher J. Reichman, Esq. (SBN #250485)
Prato & Reichman, APC
3737 Camino Del Rio S
Suite 303
San Diego, California 92108
(619) 683-7971
(619) 241-8309 fax

Co-Attorneys for Defendant
Jesse Rodriguez

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jesus V. Rodriguez**, <br><br> Plaintiff; <br><br> v. <br><br> **Cavalry Portfolio Services, LLC,** <br><br> Defendant. | Case No:  **'13CV1890 H    WMC** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Violation of FDCPA <br>   15 U.S.C. § 1692 <br> 2. Willful violation of FCRA <br>   15 U.S.C. § 1681 <br> 3. Negligent violation of FCRA <br>   15 U.S.C. § 1681 <br> 4. Willful violation of FCRA <br>   15 U.S.C. § 1681 <br> 5. Negligent violation of FCRA <br>   15 U.S.C. § 1681 <br><br> Jury Trial Demanded |

COMES NOW THE PLAINTIFF, Jesse Rodriguez, who alleges as follows:

## The Parties

1. At all times herein after mentioned, Plaintiff is a natural person and was and is a resident of San Diego, California.

2. Defendant, Cavalry Portfolio Services, LLC (hereinafter "Cavalry"), is a Delaware Limited Liability Company, and has a main office at 500 Summit Lake Drive, Suite 400, Valhalla, New York, 10595.

3. Defendant, Cavalry, is registered with the California Secretary of State as entity #200216910159, and has designated C T CORPORATION SYSTEM (C0168406) as its Agent for Service of Process.

## Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681 *et seq.*, the "Fair Credit Reporting Act" (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act" (FDCPA).

5. Plaintiff asserts that this Court has jurisdiction, and venue is proper, because Plaintiff has been damaged in San Diego, California.

## Factual Allegations

6. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), and within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

7. Defendant Calvary is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant Calvary is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

9. Defendant has caused false and/or disputed credit reportings to be placed on Plaintiff's consumer credit reports with the national consumer credit reporting agencies (Experian, Equifax, and TransUnion).

10. In October 2010, Defendant reported negatively to Equifax and TransUnion regarding Plaintiff's credit.

Complaint for Damages

11. On November 15, 2010, Defendant sent a letter to Plaintiff attempting to collect on an alleged debt.

12. On November 16, 2010, Defendant initiated a "hard pull" of Plaintiff's credit report from Experian without permission or permissible purpose.

13. On November 22, 2010, Plaintiff sent Defendant a letter demanding validation of the alleged debt. (See Exhibit 1.) Defendant did not respond.

14. On November 23, 2010, Defendant initiated a "hard pull" of Plaintiff's credit report from TransUnion without permission or permissible purpose.

15. On January 12, 2011, and on March 29, 2011, Defendant again sent a letter to Plaintiff attempting to collect on the alleged debt.

16. In February 2011, and then monthly through July 2011, Defendant reported negatively to Experian regarding Plaintiff's credit, for a total of six (6) months.

17. In February 2011, and then monthly through July 2011, Defendant reported negatively to Equifax regarding Plaintiff's credit, for a total of six (6) months.

18. In February 2011, and then monthly through July 2011, Defendant reported negatively to TransUnion regarding Plaintiff's credit, for a total of six (6) months.

19. On April 25, 2011, Plaintiff again sent Defendant a letter demanding validation of the alleged debt. The letter was sent by certified mail and received by Defendant on April 27, 2011. (See Exhibit 2.) Defendant again did not respond.

20. Plaintiff has been harmed by the negative credit report, caused by Defendant's actions, in an amount to be proven at trial.

///

///

///

///

<u>Defendant's Statutory Violations</u>

## COUNT ONE

VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

(FDCPA) 15 U.S.C. § 1692

BY DEFENDANT CAVALRY

21. Paragraphs 1 through 20 are realleged as though fully set forth herein.

22. Defendant Cavalry violated the FDCPA. Defendant's violations include, but are not limited to, the following.

(a) Defendant Cavalry violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Defendant Cavalry violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(c) Defendant Cavalry violated 15 U.S.C. § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(d) Defendant Cavalry violated 15 U.S.C. § 1692f(l) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## COUNT TWO

VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA)

15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE

BY DEFENDANT CAVALRY

23. Paragraphs 1 through 22 are realleged as though fully set forth herein.

24. Defendant Cavalry willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant Calvary willfully violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without permission or a permissible purpose as defined by 15 U.S.C. § 1681b.

## COUNT THREE
## VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 NEGLIGENT NON-COMPLIANCE
## BY DEFENDANT CAVALRY

25. Paragraphs 1 through 24 are realleged as though fully set forth herein.

26. Defendant Cavalry negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant Calvary negligently violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without permission or a permissible purpose as defined by 15 U.S.C. § 1681b.

## COUNT FOUR
## VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE
## BY CAVALRY

27. Paragraphs 1 through 26 are realleged as though fully set forth herein.

28. Defendant Calvary willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant Cavalry willfully violated 15 U.S.C. § 1681s-2(b)(1)(A) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an

investigation with respect to the disputed information.

(b) Defendant Cavalry willfully violated 15 U.S.C. § 1681s-2(b)(B) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(c) Defendant Cavalry willfully violated 15 U.S.C. § 1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

## COUNT FIVE

### VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681 NEGLIGENT NON-COMPLIANCE
### BY DEFENDANT CAVALRY

29. Paragraphs 1 through 28 are realleged as though fully set forth herein.

30. Defendant Calvary negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant Cavalry negligently violated 15 U.S.C. § 1681s-2(b)(I)(A) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(b) Defendant Cavalry negligently violated 15 U.S.C. § 1681s-2(b)(B) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a

consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(c) Defendant Cavalry negligently violated 15 U.S.C. § 1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff pertaining to the account.

### Prayer for Relief

**As to Count One:**

31. Plaintiff demands judgment for damages against Cavalry for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**As to Count Two:**

32. Plaintiff demands judgment for damages against Cavalry for the greater of actual damages, or statutory damages of $1,000 per offense times 2 offenses, punitive damages, and attorney fees and costs, pursuant to 15 U.S.C. § 1681n.

**As to Count Three:**

33. Plaintiff demands judgment for damages in the amount of $1,000 against Cavalry for actual damages, and attorney fees and costs, pursuant to 15 U.S.C. § 1681o.

**As to Count Four:**

34. Plaintiff demands judgment for damages against Cavalry for the greater of actual damages or statutory damages of $1,000 per offense times 18 offenses, punitive damages, and attorney fees and costs, pursuant to 15 U.S.C. § 1681n.

**As to Count Five:**

35. Plaintiff demands judgment for damages against Cavalry for actual damages, and attorney fees and costs, pursuant to 15 U.S.C. § 1681o.

**As to All Counts**

36.     Plaintiff demands attorney fees and costs, and whatever other relief this Court finds just.

<u>Jury Trial</u>

37.     A Jury Trial on all counts is demanded.

Respectfully submitted,

Dated: August 13, 2013                The Law Offices of David C. Beavans, APC

<u>/s/ David C. Beavans</u>
Co-Attorney for Plaintiff.